UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

HENRY L. HYMES            CIVIL ACTION 10-1167

VERSUS            U.S. DISTRICT JUDGE DEE DRELL

CITY OF NATCHITOCHES, et al

U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Before the court is defendant's motion to dismiss, **Doc. #24**, referred to me by the district judge for report and recommendation.

Plaintiff filed suit in state court claiming wrongful termination, racial discrimination, and retaliation. The named defendants include the City, Mayor Wayne McCullen and two defendants who plaintiff describes as "officers, administrators or co-employees".

In plaintiff's second amending petition, he asserts claims against the defendants under LSA-R.S. 42:1169 and against the Mayor pursuant to 42 U.S.C §1981.

The instant motion seeks dismissal of the latter two claims.

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed

1

factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). The Fifth Circuit has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, see Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra. Legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim that is plausible on its face". Bell, supra. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1955 (2007).

Analysis

The Louisiana statute at issue is part of the Louisiana Code of Governmental Ethics and plaintiff suggests that it sets forth an anti-retaliation policy of the State and that a private cause of action can lie for its violation.

In fact, however, the statute at issue merely sets forth an administrative process. Indeed, it expressly refers to separate civil suits being available under the separate "whistle blower"

2

statute, LSA-R.S. 23:967(B). Thus, several courts, including the 5th Circuit, which have considered the question, have concluded that the statute does not provide a private right of action. See Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2, 790 So.2d 725, 732, (La. 5th C., 2001); Wells v. City of Alexandria, 2004 WL909735 (5th Cir. 2004). Similarly, Gogreve v. Downtown Dev. Dist., 426 F. Supp. 2d 383, 389 (E. D. La. 2006) held, citing Wells, that the "Code of Ethics does not provide plaintiff with a private right of action."

A careful reading of the statute confirms that the reasoning of these courts is correct and that the statute does not provide a private right of action; rather, the right to file suit is encompassed by the related statute, 23: 967.

Next, defendants argue[1] that the Mayor may not be sued under 42 U.S.C. §1981 in his individual capacity. Plaintiff sued the Mayor in his "official and individual capacities" for the alleged violations. Defendants refer the court to Oden v. Oktibbeha County, 246 F.3d 458, 462 (5th Cir. 2001). The Oden court noted that "[w]hile the Supreme Court has extended §1981 liability to cases involving private employment contracts, it has not imposed personal liability on elected officials for discrimination in the terms and conditions of local government employment contracts."

Plaintiff argues that Oden is not binding on this court because the 5th Circuit improperly relied on Title VII jurisprudence in reaching its decision and this is not a Title VII case. Despite plaintiffs arguments as to why liability should attach, he has failed to cite any case limiting the

---

[1] The court notes the excessive use of emphasis in defendants' briefs. The lead attorney, Mr. Oxenhandler, has been cautioned before by Chief Judge James and by Magistrate Judge Hayes of this court about such use. Such over-use of emphasis is counterproductive and makes the briefs difficult to read. I assure counsel that the briefs are all read carefully and any especially compelling arguments will not go unnoticed.

5th Circuit's express holding. The Oden case is binding on the court and this court must follow it, even if the plaintiff, through counsel, believes it to have been wrongly decided.

For the foregoing reasons, it is recommended that the motion be GRANTED and that the claims against the defendants under LSA-R.S. 42:1169 and against the Mayor pursuant to 42 U.S.C §1981 be DISMISSED with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling. **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, December 17, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE